2026 IL App (1st) 240195-U

No. 1-24-0195

Order filed June 30, 2026

FOURTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 CR 01632 |
| | ) | |
| DANIEL SAMPLE, | ) | Honorable |
| | ) | Neera Walsh, |
| Defendant-Appellant. | ) | Judge presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the defendant's conviction for aggravated unlawful use of a weapon over his claim that the underlying statute is facially unconstitutional.

¶ 2    The defendant-appellant, Daniel Sample, appeals his conviction for aggravated unlawful use of a weapon (AUUW) for carrying a firearm without a concealed carry license (CCL), arguing Illinois's firearm licensing scheme violates the second amendment of the United States Constitution. He makes the same constitutional challenge to the trial court's findings of guilt on

two merged counts of AUUW for carrying a firearm without a Firearm Owner's Identification (FOID) card and unlawful use or possession of a weapon by a felon (UUWF). For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                          BACKGROUND

¶ 4      On February 4, 2022, Mr. Sample was charged by indictment with armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)) (count I); AUUW for carrying a loaded and immediately accessible firearm without possessing a currently valid CCL (720 ILCS 24-1.6(a)(1), (3)(A-5)) (count II); AUUW for carrying a firearm without a currently valid FOID card (720 ILCS 24-1.6(a)(1), (3)(C)) (count III); and UUWF for possessing a firearm as a twice-convicted felon (720 ILCS 24-1.1(a)) (count IV). The trial court later granted the State's motion to *nolle prosequi* count I.

¶ 5      At Mr. Sample's November 6, 2023, bench trial, three Chicago police officers testified that Mr. Sample—whom each officer identified in court—threw a handgun to the ground when the officers approached him in a vacant lot on the evening of December 3, 2021. The officers recovered the firearm, a black Taurus G3C 9-millimeter semiautomatic with a loaded extended magazine. The State published police body-worn camera footage of the incident.

¶ 6      The parties stipulated that Mr. Sample did not have a CCL or FOID card at the time of the offense, and that he had prior felony convictions for armed robbery in 2011 and possession of a controlled substance in 1997.

¶ 7      Mr. Sample called Damien Reed, who testified that he was with Mr. Sample in the lot next to-a barbershop at the time of the incident and did not see him with a weapon. Mr. Sample also

called his girlfriend, Crystalyn Jones, who testified that she had dinner with him that night before dropping him off by the barbershop and did not see him with a weapon.

¶ 8 On November 6, 2023, the trial court found Mr. Sample guilty on all counts and continued the case to December 11, 2023, for Mr. Sample to file a motion for a new trial. On December 11, 2023, the trial court continued the case again for consideration of the motion and for sentencing.

¶ 9 On January 22, 2024, the trial court denied Mr. Sample's motion for a new trial. The court merged counts III and IV into count II, AUUW predicated on carrying a loaded and immediately accessible firearm without a valid CCL, and sentenced Mr. Sample to six years in prison.

¶ 10 During the hearing on January 22, 2024, Mr. Sample's counsel filed a typed notice of appeal that identified the date of judgment as December 11, 2023, and the "[o]ffense of which convicted" as UUWF. At the bottom of the page is a typed list of dates:

"Pretrial motions: n/a

Jury Waiver: 12/11/23

Trial Dates: 12/11/23

Sentencing Dates: 1/22/24"

¶ 11 ANALYSIS

¶ 12 We note that we have jurisdiction to consider this matter, as Mr. Sample filed a timely notice of appeal. See Ill. S. Ct. R. 606 (eff. Dec.7, 2023).

¶ 13 On appeal, Mr. Sample argues his conviction on count II for AUUW predicated on carrying a firearm without a CCL, as well as the findings of guilt on count III for AUUW predicated on carrying a firearm without a FOID card and count IV for UUWF, should be reversed because the underlying statutes violate the second amendment of the United States Constitution. In particular,

Mr. Sample contends that Illinois' CCL requirement is facially unconstitutional because it is not "consistent with this Nation's historical tradition of firearm regulation" as set forth in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

¶ 14     As an initial matter, this court has an independent duty to ascertain its jurisdiction, even if the issue is not raised by the parties. *People v. Lewis*, 234 Ill. 2d 32, 36-37 (2009). Generally, a notice of appeal confers jurisdiction for this court to consider only the judgments specified therein. *Id.* at 37. However, a notice of appeal is sufficient to confer jurisdiction "if, considered as a whole and construed liberally, it fairly and adequately identifies the complained-of judgment." *Id.*

¶ 15     The notice of appeal in this case contains two incongruities. First, the notice lists the date of judgment as December 11, 2023, but on that date the trial court issued no substantive orders and merely continued the case for Mr. Sample's motion for a new trial and sentencing. Second, the notice lists the "[o]ffense of which convicted" as UUWF, but the trial court merged count IV for UUWF into count II for AUUW and imposed sentence only on the latter count. Mr. Sample's UUWF conviction was therefore not a final and appealable judgment. See *People v. Relerford*, 2017 IL 121094, ¶ 71.

¶ 16     The notice of appeal thus identified neither the conviction nor the date of judgment that Mr. Sample now challenges. Notwithstanding these deficiencies, we cannot conclude the notice of appeal was fatally defective where the trial court issued no dispositive orders on December 11, 2023, the notice listed the correct sentencing date, and the notice was filed during the sentencing hearing at which the court imposed sentence solely on count II, for AUUW predicated on carrying a firearm without a CCL. The State was thus properly informed that defendant sought review of his conviction for AUUW predicated on carrying a firearm without a CCL. See *Lewis*, 234 Ill. 2d

at 37 ("The purpose of the notice of appeal is to inform the prevailing party that the other party seeks review of the trial court's decision."). That is, the incongruities in the notice of appeal did not prejudice the State and comprised clerical errors of form, rather than substance. See *People v. Hayes*, 2022 IL App (1st) 190881-B, ¶ 17 ("if the defect is one of form, not substance, failure to strictly comply with the requirements for a notice of appeal is not fatal to jurisdiction"). As such, we have jurisdiction to proceed to the merits of Mr. Sample's appeal.

¶ 17    Nonetheless, defendant's claim that *Bruen* renders Illinois's CCL requirement facially unconstitutional fails, as our supreme court has expressly held that "the AUUW statute's ban on unlicensed public carriage, coupled with the requirements to obtain CCLs and FOID cards, is not facially unconstitutional under the second amendment." See *People v. Thompson*, 2025 IL 129965, ¶ 3; see also *id.* ("*Bruen* itself stands for the proposition that Illinois's nondiscretionary, 'shall-issue' firearm licensing regime does not violate the second amendment"); *Bruen*, 597 U.S. at 38 n.9 ("nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall-issue' licensing regimes"). We further decline Mr. Sample's invitation in his reply brief to disregard the *Thompson* majority and follow Justice Overstreet's dissent, as the majority's decision is binding on this court. See *People v. Artis*, 232 Ill. 2d 156, 164 (2009) ("The appellate court lacks authority to overrule decisions of [the Illinois Supreme Court], which are binding on all lower courts.").

¶ 18    As to the validity of the guilty findings on counts III and IV, this court has jurisdiction only over final judgments, and "there is no final judgment in a criminal case unless sentence has been imposed." *Relerford*, 2017 IL 121094, ¶ 71. As discussed, the trial court merged counts III and IV into count II and imposed a sentence only on count II. Because no sentences were imposed on

counts III and IV, we cannot consider the merits of Mr. Sample's claims as to those counts. See *People v. Fort*, 2019 IL App (1st) 170644, ¶ 37.

¶ 19                                    CONCLUSION

¶ 20    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 21    Affirmed.